UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL POWELL,

        Petitioner,         Case Number 03-10307
                                Honorable David M. Lawson

v.

PAUL RENICO,

        Respondent.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Samuel Powell, who is currently confined at the Riverside Correctional Facility in Ionia, Michigan, filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 12, 2003. In 2000, the petitioner was convicted by a jury of first-degree murder, possession of a firearm during the commission of a felony, and assault with intent to commit murder in the Kent County, Michigan circuit court. He received a prison sentence of two years on the firearm charge to be followed by two concurrent life sentences for the murder and assault charges. This matter was referred to Magistrate Judge Charles E. Binder, who issued a report on March 2, 2006 recommending that the petition be denied. On March 20, 2006, the petitioner filed his objections to the Report and Recommendation. This matter is now before the Court for *de novo* review.

The Court agrees with the magistrate judge's reasoning that the petitioner's claims are without merit. Therefore, the Court will adopt the magistrate judge's recommendation, overrule the petitioner's objections, and dismiss the petition for lack of merit in the grounds presented.

I.

The petitioner's convictions arise from the murder of John Wayne Wilson, Jr. and the shooting of Sheraye Edmonson on the 700 block of Franklin Street in Grand Rapids, Michigan in the early morning hours of May 29, 1999. Sheraye and her sister Sonsiree Edmonson were sitting on the porch of their house when Sonsiree heard several "pops" between 2:00 and 3:00 a.m. Sonsiree believed someone was playing with firecrackers. She looked outside and saw flashes of light coming from the house next door. Sonsiree testified that she saw someone standing on the sidewalk wearing orange and white tennis shoes. When she heard the third "pop," Sonsiree grabbed Sheraye Edmonson, who had been shot, and dragged her into the house. Sonsiree called 911. After making the call, Sonsiree went outside and saw John Wayne Wilson, Jr. lying on the ground. She began CPR, but Mr. Wilson died of a gunshot wound to the head. Sheraye was taken to the hospital.

Earlier that day, the petitioner had been seen wearing a gray and orange jersey, an orange shirt, an orange hat, and orange and white shoes. An orange hat was found by police during a search of the area. Twelve hairs were found in the hat, three of which contained DNA matching that of the petitioner. Five witnesses also told the police that the petitioner had been involved in a confrontation with Mr. Wilson earlier in the day. The police conducted a search of the petitioner's father's home, referred to by the Michigan Court of Appeals as "the Fisk Street address," where several items of clothing were seized.

The petitioner was convicted by a jury of first-degree murder, possession of a firearm during the commission of a felony, and assault with intent to commit murder in the Kent County, Michigan circuit court. He received a prison sentence of two years on the firearm charge to be followed by two concurrent life sentences for the murder and assault charges.

In his petition for a writ of habeas corpus, the petitioner raised two claims. First, he argues that his trial counsel was ineffective in the following ways: (1) failing to file a motion to suppress items seized from his father's home; (2) failing to object to the prosecutor's use of a federal plea agreement; (3) failing to object to bolstering on other than hearsay grounds; (4) failing to object to the prosecutor's claim regarding impeachment of a witness; (5) failing to develop a record on the prosecutor's lack of due diligence in locating witness Charles Jordan and the subsequent use of Mr. Jordan's preliminary examination testimony; (6) failing to object to jury instructions; and (7) failing to object to the prosecutor's plea for jury sympathy. The petitioner's second claim is that the state circuit court should have held a hearing on his ineffective assistance claim.

The magistrate judge concluded that petitioners claims were without merit. The magistrate judge reviewed the Michigan Court of Appeals' determinations of the Sixth Amendment claims relating to counsel's failure to move to suppress evidence and the failure to object to using Mr. Jordan's prior testimony and determined that they were not contrary to or an unreasonable application of federal law. The magistrate judge did not review the other ineffective assistance claims because the petitioner failed to address them in the text of his petition. Magistrate Judge Binder noted that conclusory allegations of ineffective assistance are not sufficient to grant relief. The magistrate judge finally concluded that the Michigan court's failure to hold a hearing on the petitioner's ineffective assistance claims does not violate federal law. The magistrate judge recommended that the petition be denied.

II.

The petitioner asserts three objections to the Report and Recommendation. First, he disagrees with the magistrate judge's conclusion that hearsay evidence obtained by the police

supported a finding of probable cause that he lived at the Fisk Street address. Second, he objects to the state court's determination that his trial counsel thoroughly cross-examined Charles Jordan at the preliminary examination. Finally, he objects to the magistrate judge's conclusion that he was not entitled an evidentiary hearing in the state court prior to the resolution of his ineffective assistance claim.

A.

The magistrate judge concluded that the search of the Fisk Street address was supported by probable cause, and therefore the petitioner's counsel was not ineffective by failing to file a motion to suppress. The police apparently had regular dealings with the petitioner for four years prior to the shootings at issue in this case. On several occasions during those years, the petitioner had given the police the Fisk Street address as his address. One year prior to the shootings, the petitioner gave a police officer his father's telephone number as his own. The day before the warrant was issued, a police officer called that number and asked the unknown person who answered whether the petitioner could receive mail at that address and received an affirmative response. Based on these facts, the Michigan Court of Appeals and the magistrate judge concluded that probable cause existed to believe that evidence was present at that location, and therefore the defendant was not prejudiced by his attorney's failure to file a motion to suppress.

The petitioner objects to this determination. The petitioner states the hearsay evidence from the unknown person who answered the police officer's call does not constitute evidence that he actually resided at that address. The petitioner misconceives the issue. It is not whether there was probable cause to believe he lived at the Fisk Street address, but rather whether there was probable cause to believe evidence of the crime might be found there. Further, "[i]n evaluating whether

probable cause exists for issuing a search warrant, a judicial officer may rely on hearsay evidence." *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003). Five witnesses told the police that the petitioner, dressed in orange and white, had been involved in a confrontation with one of the victim's, Mr. Wilson, the day before the shootings. A witness to the shootings described the shooter as wearing orange and white tennis shoes, and an orange hat was found nearby. In addition, the defendant previously had given his father's address as his home address, and a call to that residence revealed that the petitioner could receive mail there. Based on these facts, there was a fair probability that evidence of the crime was present at the Fisk Street address, and any attempt to suppress the results of the search would have been futile. Therefore, the petitioner's objection to the magistrate judge's treatment of this issue will be overruled.

B.

Next, the petitioner objects to the magistrate judge's conclusion that the petitioner was given an opportunity to examine Charles Jordan at the preliminary examination. The trial court concluded that the prosecutor had exercised due diligence in his attempt to locate Mr. Jordan and allowed the introduction of his preliminary examination testimony. The Michigan Court of Appeals and the magistrate judge concluded that there was no basis to exclude the testimony and that, even if there had been, any error was harmless because other testimony duplicated that of Charles Jordan. The petitioner objects and states that it is a legitimate defense strategy to refrain from cross-examining witnesses at the preliminary exam, and he suggests therefore that his counsel may have limited his questioning in such a manner. However, the Michigan Court of Appeals found that "in this case defense counsel thoroughly cross-examined Jordan at the preliminary examination." *Powell*, 2002 WL 499459, at * 8. A state court's findings of fact are entitled to complete deference unless it is

determined by clear and convincing evidence that they are erroneous. 28 U.S.C. 2254(e)(1); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). The petitioner has failed to show that this factual finding was so clearly erroneous that it must be rejected by a federal court on habeas review. The fact that the petitioner's trial attorney thoroughly cross-examined Mr. Jordan at the preliminary examination precludes a finding that the petitioner was prejudiced by the admission of that testimony at trial. The petitioner therefore cannot prevail on his claim that his counsel was ineffective, and this objection will be overruled.

C.

Finally, the petitioner objects to the magistrate judge's conclusion that he was not entitled an evidentiary hearing in the state court prior to the resolution of his ineffective assistance claim. In his motion for a new trial, the plaintiff requested a hearing to determine whether his trial counsel had been ineffective. The court refused to hold such a hearing. However, as the magistrate judge noted, a hearing is not required if there are no factual disputes to be resolved. *Strickland v. Washington*, 466 U.S. 668, 700 (1984) (holding that "state courts properly concluded that the ineffectiveness claim was meritless without holding an evidentiary hearing"). The petitioner has presented no evidence that such a factual dispute exists. Therefore this objection will be overruled, as well.

III.

The Court concludes that the magistrate judge correctly determined that the petitioner's claims are without merit.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's Report and Recommendation [dkt # 26] are **OVERRRULED**.

It is further **ORDERED** that the magistrate judge's Report and Recommendation [dkt # 25] is **ADOPTED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

          s/David M. Lawson
          DAVID M. LAWSON
          United States District Judge

Dated:  March 30, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2007.

          s/Felicia M. Moses
          FELICIA M. MOSES